HENRY F. SMITH, Petitioner, *vs.* GEORGE B. RANDLETTE.

Sagadahoc.    Opinion September 18, 1903.

*Taxes. Collector's Bond,* Sufficiency of form.    *Officer,* Claimant in equity.
R. S., c. 4. § 53; c. 6, §§ 125, 128.    Stat. 1893, c. 260.

A collector of taxes, who contracts with the town to settle with the town on or before a certain date, cannot be required to give bond for the fulfillment of such contract.

The "requisite" bond named in R. S., c. 6, § 125, is not such a bond as the assessors may require, but is such a bond as is required by § 128 of that chapter.

A bond of a collector of taxes, conditioned for the faithful performance of all the duties of his said office, is sufficient in form; and, if the sum and sureties are satisfactory to the municipal officers, it is their duty to approve it.

On report.    Bill in equity sustained.

Petition as in equity, heard on bill, answer and evidence reported to the law court, under R. S., c. 4, § 53, as amended by stat. 1893, c. 260. The petitioner claimed that he was elected to the municipal office of collector of taxes of the town of Richmond at the annual town meeting for 1903, and is now entitled to hold said office, and

that the defendant Randlette is now unlawfully claiming to hold said office.

In the evidence reported to the law court it was admitted that the petitioner refused to give a bond containing a clause requiring him to "settle in full for said taxes on or before Feb. 1st, 1904," unless the selectmen would give him a writing protecting him from costs and expense in case he as collector should bring suit against the American Ice Company for taxes. And it was further admitted that the municipal officers declined to approve the collector's bond unless it contained such a condition, besides the usual condition requiring him to well and faithfully perform all the duties of his said office.

The statute under which this proceeding was brought is as follows:

"Any person claiming to be elected to any county or municipal office, or to the office of county attorney, may proceed as in equity against the person holding or claiming to hold such office, or holding a certificate of election to such office, or who has been declared elected thereto by any returning board or officer, or who has been notified of such election, by petition returnable before any justice of the supreme judicial court, in term time or vacation, in the county where either party resides, or where the duties of such office are to be performed, and said court shall have jurisdiction thereof."

The prayer of the bill is as follows:—"Wherefore your petitioner prays that notice of the pendency of this suit and of the time and place of hearing thereof may be ordered by this Honorable Court, returnable before any Justice of the Supreme Judicial Court in term time or in vacation in the County of Sagadahoc where the petitioner and the defendant reside and where the duties of said office are to be performed, to the end that after notice and hearing this Honorable Court will issue an order to the said George B. Randlette, now unlawfully claiming and holding said office, commanding him to yield up to your petitioner, who is lawfully entitled thereto, said office, and all papers, records, moneys and property connected therewith or belonging thereto, as by statute in such cases made and provided. Dated this second day of June, A. D. 1903."

The case appears in the opinion.

*H. M. Heath, C. L. Andrews and F. L. Dutton,* for plaintiff.

The town by its vote did not say that if the collector entered into a contract to pay the full amount of his taxes on Feb. 1st, 1904, he should back up his contract with a bond. The petitioner in his proposition made no such offer. The petitioner and the town were content to allow the matter of settlement on Feb. 1st, 1904, to be a plain and simple contract. Just what it means and just what the rights of the town would be after breach are not material here. Ordinarily such propositions and votes contain a clause that if settlement is not made upon the day agreed, the collector is to forfeit his commission. Here the parties seem to have been somewhat lax and to have made no provision for any penalty in case of breach. In all probability the rights of the town would follow the principles of contract. If Smith failed to settle on Feb. 1st, 1904, he would clearly have the right to go on and collect his taxes, and the town on its part could recover from him the actual damages sustained by his non-performance,—probably such interest money as the town would be compelled to pay in waiting for the full amount of the collection.

The suggestion of counsel in argument that under the contract to settle on Feb. 1st, the petitioner, to avoid any liability for damages, would have been compelled to have then advanced the full amount of the uncollected taxes is of itself fatal to his contention that the town would have a right to require bond containing the clause which the selectmen demanded should be inserted. It would be a hardship upon his sureties to give such indemnity.

If the town had desired to make its vote as to settlement on Feb. 1st, 1904, broad enough to require the collector not only to contract to settle, but also to give a bond to back up his contract it should have so said in the vote. Having omitted it, it is certainly an anomalous position in the face of the statute to contend that the selectmen had power to travel outside of the statute and to demand that a clause be inserted in the bond to secure the performance of a collateral contract which counsel for the defense argued with much earnestness was not an official duty. If an official duty, the bond he tendered covered it. If not an official duty, but simply a collateral

contract, he had a right to refuse to give bond for the performance of such collateral contract.

*L. C. Cornish and N. L. Bassett; Chas. D. Newell,* for defendant.

The bond as tendered covered the duties of the collector's office and nothing more. They were the only obligations that would be assumed under it and they were the only ones for which the sureties could be held liable in case of default. *Ford* v. *Clough,* 8 Maine, 334; *White* v. *Fox,* 22 Maine, 341; *Deering* v. *Moore,* 86 Maine, 181.

In the case at bar, however, there was a contract obligation entered into between the plaintiff and the town independent of and wholly apart from the ordinary duties of the office or the duties as prescribed by statute and that contract obligation would not be covered by the bond as tendered. The town stated its position by vote that whoever should collect the taxes must make final settlement before Feb. 1st, 1904. This vote was passed but no action on the collectorship had been taken, so that all bidders might take it into consideration before making their bids. It was likely that a higher per cent would be demanded if such a speedy settlement must be made, for it would not be probable that all the taxes would actually be paid by that early date and if not, the collector must advance them. This then was a condition upon which every bid was made. The plaintiff must have so understood it for he inserted the condition in his written bid. That became a part of the offer which he made. The town accepted his offer by electing him to the office and the express contract was then and there completed. *Bethel* v. *Mason,* 55 Maine, 501.

This contract obligation put different duties upon the plaintiff than the statute.. The latter puts the same upon all. The former were assumed by the plaintiff as an individual for the sake of getting the higher rate. Under the contract, he must make final settlement with the town at a date earlier than some of his remedies for collection could be put in motion. Still, if he saw fit to make this independent contract, he must abide by it.

If the plaintiff's contention is correct, it would have done defendant no harm to insert the contract provision in his bond, and no

illegal requirement was thrust upon it. An enumeration of statutory and contract duties in a bond cannot injure the plaintiff.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, POWERS, SPEAR, JJ.

POWERS, J. Bill in equity under R. S., c. 4, § 53, as amended by ch. 260, of the laws of 1893.

At the annual town meeting in Richmond for 1903, it was voted that the tax collector pay in to the town treasurer, on or before February 1, 1904, the full amount of the commitment. Bids were then received from various parties, and read in town meeting, and among others, the following signed by the plaintiff.

"To the inhabitants of Richmond: I will collect the taxes for the year 1903, and settle with the town on or before February 1, 1904, at the rate of one and seventy-two and a half hundredths per cent."

Thereupon the plaintiff was duly elected and sworn as tax collector. On May 26, he tendered to the assessors a bond with sureties, conditioned that he would well and faithfully perform all the duties of his said office. The penal sum and sureties in said bond were satisfactory to the municipal officers, but they declined to approve it unless it contained the further condition, "and setttle in full for said taxes on or before February 1, 1904." The plaintiff declined to give a bond containing this clause, and thereupon the assessors, claiming that the plaintiff had refused to give the requisite bond, appointed the defendant to act as constable and collector for the collection of taxes for 1903, and he is now holding and exercising the duties of said office.

The statute provides that the assessors "shall require the constable or collector to give bond, for the faithful discharge of his duty, to the inhabitants of the town, with such sum and with such sureties as the municipal officers approve," R. S., c. 6, § 128, and that when the collector chosen refuses to give the requisite bond, the assessors may appoint a suitable person to act as constable and collector for the collection of taxes. R. S., c. 6, § 125.

Was the bond which the plaintiff tendered the requisite bond

within the meaning of the statute? It is claimed in behalf of the defendant, that, inasmuch as section 128 provides that the assessors shall require the collector to give bond, the requisite bond contemplated by the statute is such a bond as the assessors shall require. We do not think such is the proper construction of the language used. The statute states that the bond required of the collector shall be for the faithful discharge of his duty. Section 128. The word "requisite" used in section 125, has reference to such a bond as is required by section 128, and such only as the assessors have a right to require. The form of the bond is fixed by the statute and not by the widely varying ideas of each board of assessors as to what may be required in the premises. The bond tendered by plaintiff contained the condition that he would well and faithfully perform all the duties of his said office, and was a bond "for the faithful discharge of his duty," within the meaning of these words as used in the statute under consideration.

The defendant further contends that by virtue of plaintiff's contract with the town, it became his duty to make full settlement by February 1, 1904, and that therefore the assessors had a right to require a bond, which in terms called for the performance of this duty. If it be admitted that to make such a settlement was the "duty" of the plaintiff within the meaning of that word as used in section 128, then the bond which he tendered for the faithful performance of all the duties of the said office, covered that duty. All the duties must include every duty. If to make a settlement at that date was not such a duty, then the statute did not require a bond for its performance; neither did the contract into which the plaintiff entered call for any. He agreed to make full settlement by a certain date,—he did not agree to give bond that he would do so. A party who enters into a contract cannot be required to give bond for its performance, unless the giving of such bond is a part of the contract.

It follows that the plaintiff, never having refused to give the requisite bond, is the lawful collector of taxes of the town of Richmond, that it was the duty of the municipal officers to approve the bond tendered, and that the defendant is unlawfully claiming and holding the office.

*Bill sustained. Decree accordingly.*